LAWSON *v.* LAWSON.

5-1000                                         291 S. W. 2d 518

Opinion delivered June 25, 1956.

*Roy E. Danuser,* for appellant.

*W. J. Denton,* for appellee.

GEORGE ROSE SMITH, J.   This was at first a suit for separate maintenance, brought by the appellee, Margaret Lawson.   The chancellor refused to grant that relief, and there is no appeal from that part of the decree.   By cross-complaint the defendant sought cancellation of a deed by which he had conveyed to his wife his half interest in certain land which the couple owned jointly.   The principal appeal is from the chancellor's

refusal to cancel that deed. The appellee has perfected a cross appeal from the trial court's action in awarding to the appellant an eight-year-old car of admittedly small value. We find no merit in the cross appeal and will not discuss it in detail.

On direct appeal the main issue is whether the proof supports Lawson's charge that his wife obtained the deed by means of fraud, undue influence, and duress. Mr. and Mrs. Lawson bought the property, consisting of a grocery store and tourist court, in 1950, taking the title in Mrs. Lawson's name. She sued for a divorce in 1954, but the court dismissed her complaint for want of equity and also decreed that the real property standing in Mrs. Lawson's name was in fact jointly owned.

Although the couple resumed their marital relationship after the dismissal of the divorce case, Mrs. Lawson gave notice of appeal from the decree and paid for a transcript of the record. On May 26, 1955, which was within the time allowed for lodging the appeal in the prior case, Lawson executed the deed which he now asks us to set aside. The testimony about Lawson's reason for signing the deed is in such complete conflict that the issue narrows down to one of credibility.

Mrs. Lawson testifies that the deed was given in return for her promise not to carry through the appeal in the case then pending. Her version of the matter is corroborated by the fact that the appeal was actually discontinued, even though the record had been ordered and paid for.

Lawson denies that the lapse of the appeal had anything to do with his conveyance of the property. He says that his wife took advantage of his great devotion for Eugene Martini, who is Mrs. Lawson's grown son by an earlier marriage and whom Lawson says he has treated as his own son. Martini is a mentally disabled veteran of World War II; he has been in and out of various hospitals operated by the federal Veterans Administration. Lawson testifies that the appellee had her son put in jail on May 25, 1955, and threatened to send him to a mental institution if Lawson refused to relinquish his

interest in the real estate. According to Lawson he yielded to his wife's demands and signed the deed in the hope of keeping Martini in the family home. This testimony is denied by the appellee, who says that she had her son confined because he had become unmanageable. She says that she agreed not to send Martini to the hospital only because Lawson promised never to mistreat her or her son again. Lawson did not keep that promise, and Mrs. Lawson was forced to find a separate home for herself and her son. She thinks that Martini's condition has improved since he has been away from his stepfather.

The issue, as we have said, is largely that of which party is to be believed. Each attacked the other's credibility, Lawson by showing that his wife's reputation for truthfulness is bad, Mrs. Lawson by showing that her husband has been confined in three federal penitentiaries. The chancellor, who had the great advantage of seeing the witnesses on the stand, was not convinced by Lawson's evidence, and we cannot say that he was wrong. Clear and convincing proof is needed in a suit to cancel a deed for fraud in its procurement. *Stephens* v. *Keener,* 199 Ark. 1051, 137 S. W. 2d 253. Here the proof does not meet that test. On the one hand, there is nothing improbable in Mrs. Lawson's explanation of the matter. On the other, Lawson's version is at least rather hard to believe. It is unlikely that a mother would use her husband's affection for his stepson as a lever with which to pry away his property. It would certainly be unusual for a mother, whose love for her son is not otherwise questioned, to have her child put in jail in furtherance of a scheme such as Lawson charges in this case. There is reason to doubt if Lawson, after having regained his half interest in the land by means of a lawsuit with his wife, would within a few months have again been deceived into putting the property in her name. We need not determine whether the state of facts described by Lawson would amount to coercion, for the facts themselves have not been sufficiently proved.

Lawson also appeals from the chancellor's refusal to reopen the case to hear certain newly discovered evi-

dence. Lawson's petition for a bill of review is accompanied by the affidavits of five persons who say that Mrs. Lawson told each of them of her plan to obtain Lawson's property by threatening to send Eugene Martini to a mental institution. Two of these affiants had testified in behalf of the appellant at the trial. The chancellor, in denying the request for a bill of review, stated that one of the two had been an obviously prejudiced witness. The other made false statements either at the trial or in the affidavit, as his testimony cannot be reconciled. Apart from these considerations, the newly discovered proof is merely cumulative to other evidence that pertained to the identical issue at the original trial. The chancellor did not abuse his discretion in declining to reopen the case. *Richardson* v. *Sallee,* 207 Ark. 915, 183 S. W. 2d 508.

Affirmed.